## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**JIMMIE LEE DENNISON**                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:14-CV-P699-TBR**

**ROEDERER CORRECTIONAL COMPLEX**                               **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Jimmie Lee Dennison, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues the Roederer Correctional Complex (RCC). He states that he and former Plaintiff, Teddy Allman,[1] were both inmates at RCC. He alleges that:

> I have had ongoing legal problems for a while and gave Mr. Allman limited power of attourney over me to assist me. The paperwork was and has already been drawn up but the staff here denied it. The RCC staff violated their own policy under CPP 14.4II-H-6 and denied the issue filed as a grievance (see attached copy of refused/denied grievance) under CPP 14.6 and the cited case laws within that said "denied" grievance there by violating our rights under the 1st Amendment and our protected activity and our rights under due process rights within the 14th Amendment.

Attached to the complaint is an RCC "Grievance Rejection Notice," indicating that a grievance signed by Plaintiff on October 13, 2014, was being returned to him. That notice provides: "Explanation: Rejected Per IPP 09-27-01(A) No inmate shall have official authority

---

[1] Mr. Allman was dismissed from this action for failure to comply with an Order of this Court and failure to prosecute. *See* DNs 6 & 7.

over another inmate."  Also attached to the complaint is the grievance which was rejected.  In

that grievance, Plaintiff stated that he had gone to the law library to have a document notarized

"and was denied such because the person whom I wish to appoint and give limited power of

attorney is a fellow inmate.  See CPP 14.4II-H-6 and the United States Court of Appeals for the

6th Circuit case of Herron v. Harrison, 203 F.3d 410, [416] . . . ."  The action requested in that

grievance was "provide me with requested notary services as needed and fully investigate this

matter as to why I am being denied a service that is rightfully given to anyone."  As relief, he

requests $200,000,000 in punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either

in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of

Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

Plaintiff alleges that he gave Mr. Allman limited power of attorney to assist him with legal issues, but prison staff denied that paperwork, thereby violating their own policy under CPP 14.4II-H-6 and Plaintiff's rights under the First and Fourteenth Amendments.

First, the complaint references "our" rights under the First and Fourteenth Amendments and "our" protected activity.  Mr. Allman has been dismissed from this action.  Plaintiff, as a *pro se* litigant, may not put forth claims on behalf of other individuals.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage . . . ."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'" (citation omitted)).  Thus, the Court considers only those claims personal to Plaintiff, not Mr. Allman.

Plaintiff sues RCC for punitive damages.  However, under the Eleventh Amendment to the U.S. Constitution, a state and its agencies, like RCC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Thus, this action must be dismissed for seeking monetary relief from a defendant who is immune from such relief.

3

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims for

seeking monetary relief from a defendant who is immune from such relief.

Date:

cc:     Plaintiff Dennison, *pro se*
        General Counsel, Justice & Public Safety Counsel
4413.009